**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| SARAH GILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N15C-03-060 EMD |
| | ) | |
| CYNTHIA BOYKIN-BROWN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: March 7, 2018
Decided: June 1, 2018

*Upon Intervener Ramunno & Ramunno, P.A.'s Intervener's Motion to Enforce Intervener's Charging Lien for a Portion of the Attorney Fees*
***GRANTED*** *in part and* ***DENIED*** *in part*

## I. INTRODUCTION

Before this Court is the Intervener's Motion to Enforce Intervener's Charging Lien for a Portion of the Attorney Fees (the "Motion") filed by Intervener Ramunno & Ramunno, P.A. ("Ramunno"). The Motion seeks one half of the fees earned by the attorneys in this civil action. The Court has reviewed all the parties' submissions, held hearings on December 19, 2017 and February 28, 2018 (collectively, the "Hearing"), heard argument and reviewed the record in this civil proceeding. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

## II. BACKGROUND

### A. PROCEDURAL BACKGROUND

Ramunno filed a complaint (the "Complaint") to initiate this civil action on March 9, 2015. On June 17, 2015, Katherine L. Hemming, Esq., filed a substitution of counsel (the "Substitution"). The Substitution withdrew L. Vincent Ramunno, Esq., as Plaintiff Sarah Giles'

counsel and entered the appearance of Ms. Hemming and Lundy Law, LLP ("Lundy Law"), as counsel for Ms. Giles. Very little activity of record occurred after June 17, 2015. Eventually, Defendant Cynthia Boykin-Brown filed an answer and, on May 6, 2016, the Court entered a Trial Scheduling Order that set the trial date for August 7, 2017. On June 2, 2017, the parties settled their claims in this civil action.

On July 12, 2016, Ramunno filed a motion to intervene. The Court granted that motion on August 12, 2017. The Court made no ruling on August 12, 2017 as to whether Ramunno had a valid claim for its fees against Ms. Giles and to the attorney fees portion of the proceed of the settlement.

Ramunno then filed the Motion. On November 10, 2017, Ms. Giles filed her Plaintiff's Response to Intervener's Motion to Enforce Intervener's Charging Lien for a Portion of the Attorney Fees (the "Response"). Ramunno then filed its Intervener's Rebuttal in Support of Motion to Enforce Charging Lien on November 17, 2017 (the "Rebuttal"). The Court started the Hearing on December 19, 2017 and heard the testimony of L. Vincent Ramunno, Esq., and Lee Ramunno, Esq. The Court continued the Hearing until February 28, 2018. On February 28, 2018, the Court heard testimony from Ms. Giles, Lawrence Ramunno, Esq. and Ms. Hemming. At the conclusion of the Hearing, the Court allowed the parties to file any additional information regarding the issues raised in the Motion by March 7, 2018. On March 7, 2018, Ramunno filed a letter brief in further support of the Motion.

**B. FACTS[1]**

In September 2014, Ms. Giles retained Ramunno to represent her in a personal injury claim against Ms. Boykin-Brown. The accident occurred on August 29, 2014 (the "2014

---

[1] The Court has developed the facts from the testimony of witnesses at the Hearing and the exhibits introduced through their testimony.

Accident"). Ramunno represented Ms. Giles from September 2014 until March 9, 2015. During that time, Ramunno handled all aspects of Ms. Giles' case.

Ramunno filed the claim, conducted numerous meetings and conversations with Ms. Giles, worked on Ms. Giles' PIP claim, and attempted to settle the claims among other things. Ramunno also negotiated and obtained recovery from the property damage. Ms. Giles informed Ramunno that she needed money and wanted to settle the case as soon as possible. On February 24, 2015, Ramunno obtained medical records and made a demand for policy limits. Ramunno contends it was in constant contact with Ms. Giles.

On March 4, 2015, Ms. Giles and her daughter ("Daughter") met with Ms. Hemming at Lundy Law to discuss an accident that occurred on February 5, 2015 ("2015 Accident"). During the meeting, Ms. Giles informed Lundy Law of the 2014 Accident. Ms. Giles informed Lundy Law that Ramunno represented Ms. Giles for the 2014 Accident. Ms. Giles testified that she was not happy with Ramunno's representation for the 2014 Accident because Ramunno did not keep her informed or return phone calls. During this conversation, Ms. Giles expressed a desire for Lundy Law to represent her for both accidents.

On March 9, 2015, Ms. Giles sent an email to Ramunno discharging them ("Discharge Email") that day. From the record before the Court, Ms. Giles sent her email to L. Vincent Ramunno at the email address--rrsattorneys@aol.com.[2] The Discharge Email stated that Ms. Giles wished to hire Lundy Law as her attorney to keep her case with Daughter's case "for the purposes of clarity and convenience." The Discharge Email instructed Ramunno to send Ms.

---

[2] At the Hearing, L. Vincent Ramunno and Lee Ramunno claimed that rrsattorneys@aol.com address was not a valid address for L. Vincent Ramunno on March 9, 2015. The Court would note that L. Vincent Ramunno continued to list rrsattorneys@aol.com as his address with the Delaware State Bar Association into 2018.

Giles' file to Lundy Law. The Discharge email also stated: "Thank you so much for all you have done. I appreciate your representation and will definitely recommend you to friends and family."

Ramunno apparently did not review the Discharge Email on March 9, 2015. Ramunno did, however, file the Complaint on March 9, 2015.

Ms. Giles sent another email on March 11, 2015 and reiterated that she wanted Lundy Law to represent her for both accidents.

On March 13, 2015, Ms. Giles executed a fee agreement with Lundy Law for the 2014 Accident.

On March 22, 2015, Ms. Giles sent another email to Ramunno stated that Ms. Giles discharged Ramunno and wanted the file transferred to Lundy Law. Lundy Law also forwarded the email to Ramunno. On March 25, 2015, Ramunno acknowledged the request for Ms. Giles' file.

On April 13, 2015, Ramunno sent a Letter to Lundy Law stating "I am ready to turn over the Sarah Giles file to you but would appreciate receiving a check for the costs." Lundy Law sent the check on April 16, 2015. On April 22, 2015, Ms. Giles advised Lundy Law that Ramunno contacted Ms. Giles and acknowledged he was no longer representing her. But, Ramunno stated that she should come back to Ramunno if she did not want the case to drag on because Ramunno received an offer in the case. Lundy Law sent Ramunno a letter on April 28, 2015 requesting Ramunno stop contacting Ms. Giles and stop negotiating on Ms. Giles' behalf.

Ramunno tried to settle the case. On April 28, 2015, Ramunno informed Lundy Law that Ms. Giles was willing to settle the case for $75,000, but Ms. Boykin-Brown would only offer $65,000. Ramunno also informed Lundy Law that Ms. Giles had not decided whether to switch attorneys.

4

On April 29, Ms. Giles informed Lundy Law that Ramunno continued to contact her regarding the settlement in the case. Ms. Giles informed Lundy Law that Ramunno received a $65,000 offer from the adjuster.[3] Ramunno also offered to reduce their fee.[4] Ms. Giles informed Ramunno that she did not want Ramunno to contact her anymore.

On May 1, 2015, Lundy Law requested Ms. Giles medical records, medical bills, and police report. Lundy Law did not believe that Ramunno intended to turn over the case files. Lundy Law stopped the check for costs. On that same day, Ramunno sent Ms. Giles' file to Lundy Law.

Lundy Law received Ms. Giles' files at the end of May 2015. On May 28, 2015, Lundy Law sent Ramunno a letter stated that Ramunno: (a) continued to contact Ms. Giles against her will; (b) filed a lawsuit on March 9, 2015 without Ms. Giles' permission; and (c) attempted to negotiate Ms. Giles' claim without authority.

On May 9, 2017, Lundy Law and Ms. Giles attended mediation for this case. The 2014 Accident lawsuit resolved for the full policy limit of $100,000.[5] Lundy Law settled the claim on June 2, 2017 for $100,000.[6] Lundy placed $33,333.33 in escrow pending the Court's decision on the division of the fee.

Ramunno cannot provide an hourly log of work on Ms. Giles' case, but Ramunno argues that the firm performed between twenty-five and thirty hours of work on the case.

---

[3] *Id.*
[4] *Id.*
[5] Pl. Resp. ¶ 14.
[6] In the Motion, Ramunno states that the case resolved on June 6, 2017.

## III. PARTIES' CONTENTIONS

### A. RAMUNNO'S CONTENTIONS

Ramunno argues that it kept in contact with Ms. Giles and that she did not indicate any dissatisfaction with Ramunno's representation. Ramunno provides that it only charges contingency fees and does not keep time records. Ramunno contends that a conservative estimate of time spend on the case is between twenty-five and thirty hours. Primarily, Ramunno seeks to divide the fee equally with Lundy Law.

Alternatively, Ramunno claims that that it is entitled to payment for the twenty-five to thirty hours work done by Ramunno attorneys on a prevailing hourly rate for similarly experienced attorneys. Ramunno argues that between $500 and $1,000 is an appropriate rate per hour. Ramunno also notes a prior court decision where the Court awarded a discharged attorney one-half of the offer obtained by client.

### B. LUNDY LAW CONTENTIONS

Lundy Law argues that Ms. Giles discharged Ramunno on March 9, 2015. Lundy Law contends that any work performed by Ramunno after that was not authorized by Ms. Giles. Lundy Law claims that any offers Ramunno received to settle the case were received after Ms. Giles discharged Ramunno. Lundy Law believes that "there is a good faith basis for asserting [that] Ramunno was discharged for cause and therefore not entitled to the recovery of any attorney's fees in this case."

In the alternative, Lundy Law requests the Court determine a reasonable fee. Lundy Law represented Ms. Giles for over two and a half years. Lundy Law argues that it incurred over $3,000 in costs litigating the 2014 Accident. Lundy Law sent Ramunno an offer of $2,500 for

work performed on the case.  Lundy Law believes the offer to be fair in light of the *quantum meruit* factors.

## IV.  DISCUSSION

### A.  DISCHARGE

"To determine discharge for cause, the Court may look to those requirements enumerated in the Delaware Lawyers' Rules of Professional Conduct."[7]  A lawyer must "promptly keep his client reasonably informed and to give straightforward and honest advice."[8]  Failure to return phone calls and keep clients advised on the status of a case are further indications suggesting discharge for cause.[9]  Although a relationship between a lawyer and client may be disagreeable, the evidence must show that the lawyer's conduct is contrary to the Rules of Professional Conduct for a lawyer to be discharged for cause.[10]

The Court does find that Ramunno filed the Complaint without authorization by Ms. Giles.  The testimony indicates that Ms. Giles had an exchange with Lee Ramunno and expressed frustration with Ramunno's failure to file suit.  In response, Ramunno (realizing the value of Ms. Giles' claims) filed the Complaint on March 9, 2015, but did so AFTER Ms. Giles sent the Discharge Email.  Given the Discharge Email, Ramunno should not have filed the Complaint.  The Court finds that Ramunno's actions were more negligent than in bad faith or in violation of Rules of Professional Conduct.  L. Vincent Ramunno does not review his emails and listed an email address with the Delaware State Bar Association that is not regularly checked by Ramunno personnel.  Moreover, Lundy Law and Ms. Giles did not demand Ramunno withdraw

---

[7] *Murrey v. Shank*, CIV.A. 07C-08-137CLS, 2011 WL 4730549, at *3 (Del. Super. Aug. 30, 2011).
[8] *Id.*
[9] *Id.*
[10] *Id.*

7

the Complaint. Instead, Lundy Law substituted itself as Ms. Giles' counsel and continued the civil action using the Complaint.

While the relationship between Ramunno and Ms. Giles was disagreeable, the Court does not find that the evidence indicates Ramunno's conduct was contrary to the Rules of Professional Conduct. Although not perfect, Ramunno did keep Ms. Giles informed. Ramunno did settle portions of her claims. Upon parting, in the Discharge Email, Ms. Giles stated "Thank you so much for all you have done. I appreciate your representation and will definitely recommend you to friends and family." Moreover, even though Ramunno's internal controls regarding email is far from perfect, the Court does not find that the filing of the Complaint without authorization demonstrates that Ramunno was discharged for cause.

## B. REASONABLE ATTORNEYS' FEES BASED ON *QUANTUM MERUIT*

An attorney discharge for cause is not entitled to recover fees for services provided.[11] But, when an attorney "is discharged without cause is that recovery for attorney fees is limited to *quantum meruit*."[12] An attorney has a right to recover compensation for his services and also has the right to be protected by the Court to that end.[13] The Court must balance ten factors in a *quantum meruit* analysis:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the substance of the particular employment will preclude other employment by the lawyer;

(3) The fees customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

---

[11] *Ramunno & Ramunno, P.A. v. Potter*, 2016 WL 825515, at *2 (Del. Super. Feb. 24, 2016).
[12] *Webb v. Harleysville Insurance Co.*, 1995 WL 716757 (Del. Super. Oct. 23, 1995).
[13] *See Doroshow, Pasquale, Krawitz & Bhaya v. Naticoke Memorial Hospital, Inc.*, 36 A.3d 336 (Del. 2012).

8

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers to perform the services;

(8) Whether the fee is fixed or contingent;

(9) The employer's ability to pay; and

(10) Whether claimant's counsel has received or expects to receive compensation from any other source.

The factors listed above are not exclusive.[14] The fees must be reasonable under the circumstances.[15]

The Court believes that of the ten factors listed, factors (1), (4), (6) and (8) are most instructive here. Applying those to the facts here, Ramunno is not entitled to half of the amount set aside from the settlement (*i.e.*, half of $33,333.33) or a third of the $65,000 initial offer of settlement made to Ramunno on or about April 29, 2015. Lundy Law eventually settled the case for $100,000. Lundy Law represented Ms. Giles for over two years and purportedly incurred $3,000 in costs in litigating the case. Ramunno represented Ms. Giles for seven months. There is nothing in the record that indicates that the initial offer of $65,000 created a situation where the case was eventually settled for the higher amount of $100,000. In fact, the record indicates that Ramunno believed Ms. Giles should have accepted the $65,000 offer. Ramunno should get credit for working on the matter for seven months and being in a place where it could draft and file a pleading, the Complaint, that would serve as an impetus to eventually resolve the matter in Ms. Giles' favor. Given the evidence presented at the Hearings, the Court finds that Ramunno is entitled to $5,000 which is 15% of the amount set aside from the settlement.

---

[14] *Murrey v. Shank,* 2011 WL 4730549, at *5 (Del. Super. Aug. 30, 2011).
[15] *Id.*

## V.  CONCLUSION

For the reasons set forth herein, the Motion is GRANTED in part and DENIED in part.

The Court finds that Ramunno is entitled to 15% of the amount set aside from the settlement for

compensating Ms. Giles' attorneys.

Dated: June 1, 2018
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge